

DOC NO
REC'D/FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

2016 JAN 15 PM 3: 17

PETER OPPENEER
CLERK US DIST COURT
WD OF WI

| | |
|---|---|
| Glendale Stewart | |
| Plaintiff, | Civil Action No. |
| Vs. | |
| Office of Lawyer Regulation/ Supreme Court;<br>Mr. Keith Sellen, OLR Director; &<br>Ms. Cynthia Schally, OLR Investigator<br>Defendants. | 16 C -38 |

**COMPLAINT OF VIOLATION OF FOURTEEN AMENDMENT RIGHTS; 42 U.S. CODE § 1983; & 18 U.S. CODE § 242**

Plaintiff, Glendale Stewart, *Pro se*, is an African American citizen of the State of Wisconsin and a resident of the City of Madison, Dane County, Wisconsin. The plaintiff file this claim against Office of Lawyer Regulation, Mr. Keith Sellen, Director of OLR, and Ms. Cynthia Schally, OLR Investigator for depriving him of his Fourteen Amendment right and for violating his rights under 42 U.S. Code § 1983; & 18 U.S. Code § 242.

The plaintiff is seeking monetary compensation for all the work hours he spent in preparing these lawsuits, out of pocket expenses, punitive damages, nominal damages, and the unnecessary mental anguish or emotional stress he endured as a result of the defendants depriving him of his constitutional rights. The defendants also should be held liable and forced to compensate the plaintiff of reasonable damages for the unnecessary delay in the process of conducting an investigation which *they knew* should have been conducted in accordance with SCR 22.03(1) long ago. The defendants neglecting to perform their duty and mistreating the plaintiff is what gave him reasons to file these lawsuits.

The defendants conveniently manipulated the Supreme Court Rules or "Procedures For The Lawyer Regulation System" as a mean to avoid conducting an investigation as described in SCR22.03(1). As a result, plaintiff was deprived of his Fourteen Amendment right. Defendants

1

also violated plaintiff's rights under 42 U.S. Code § 1983; & 18 U.S. Code § 242 when they ignored or failed to consider clear, concise, compelling, and palpable evidence which prove that:

1. Mr. Rice was obligated to inform the agency MEOD and the opposing counsel that he was the plaintiff's attorney in the matter. There is no documentation within the record which show Atty. Rice informed MEOD of such.

2. Mr. Rice violated the Supreme Court Rules when he failed to inform the opposing counsel(s) and MEOD that he was the plaintiff's representative in the mater.

3. Mr. Rice violated "SCR 20:3.3 Candor toward the tribunal" when he failed to identity himself to those who made decisions on plaintiff's claims as being plaintiff's representative.

4. The plaintiff provided pure evidence in the form of an admission to prove that Mr. Rice did not communicate with the MEOD Investigator or Hearing Examiner at all during the MEOD processing of his complaint.

5. Mr. Rice admitted to not communicating with the MEOD investigator and hearing examiner who made critical decisions on the plaintiff's case.

6. Mr. Rice violated the Supreme Court Rules when he yelled at the plaintiff and told him not to inform anyone he was his attorney.

7. Mr. Rice was less than honest with Atty. Dana Gruen when he told her he did not know if he would be representing plaintiff in a civil lawsuit although he knew he and plaintiff had already signed a contract.

8. According to the Supreme Court Rules, Mr. Rice was requirde to be truthful when dealing with others on plaintiff's behalf.

9. Mr. Rice violated SCR 20:4.1 "Truthfulness in statements to others" as well as SCR 20:80:4 (c) & (f) when he purposely lied to or misrepresented the plaintiff; Ms. Dana Gruen, Attorney who represented Capital Newspapers, Inc.; the circuit court; the MEOD Investigator; and the MEOD Hearing Examiner.

10. Mr. Rice knowingly failed to keep plaintiff informed of legal proceedings as require by the Supreme Court Rules.

11. Mr. Rice knowingly failed to act with diligence and promptness regarding plaintiff's legal concerns as require by the Supreme Court Rules.

12. Mr. Rice violated the Supreme Court Rules when he failed to keep the plaintiff informed of his plans in the matter and the things he sent to MEOD.

13. Mr. Rice violated The Supreme Court Rules when he intentionally failed to abide by plaintiff's decision concerning the objectives of the representation as required by the rules.

14. Mr. Rice was obligated to assisting the plaintiff in responding to the investigative questionnaire from the MEOD Investigator.

15. Mr. Rice violated the Supreme Court Rules when he failed to assist the plaintiff in responding to the questionnaire.

16. Mr. Rice did not participate in the discovery process as required by the Supreme Court Rules.

17. The plaintiff provided OLR with palpable evidence which clearly prove that Mr. Rice literally copied and pasted questions word for word that plaintiff prepared for him to answer regarding the questionnaire from MEOD directly into a document which he then sent to the Hearing Examiner as support for the petitioner's claims.

3

18. The plaintiff paid for representation Mr. Rice promised to provide to him with diligence but intentionally failed to provide the service in such manner.

19. Mr. Rice violated the rule SCR 20:3.2 "Expediting litigation" when he deliberately failed to prepare and file documents in a timely manner with the agency MEOD on plaintiff's behalf.

20. The plaintiff provided OLR with evidence which show that Mr. Rice did not expedite sending information to the agency MEOD in a timely manner as required by the Supreme Court Rules.

21. Mr. Rice never did use any of the very pertinent information and evidence he discovered during the U.C. Hearing which would have give the MEOD Investigator or Hearing Examiner reasons to make a probable cause decision in the matter..

22. The plaintiff provided palpable evidence which show that Mr. Rice was able to reverse the decision made by unemployment compensation after he proved plaintiff had been discriminated and retaliated against when he was unlawfully terminated.

23. Mr. Rice concealed the truth or pertinent information and then provided useless information he knew would eventually work against the plaintiff to accomplish this.

24. Mr. Rice knowingly prepared and sent useless information he knew was inadequately prepared to the MEOD investigator on plaintiff's behalf as support for plaintiff's claims.

25. Plaintiff provided OLR with the documentation Mr. Rice prepared for the Investigator as support for his claims.

26. Mr. Rice intentionally prepared and sent useless information on plaintiff's behalf to be sent to the MEOD Hearing Examiner to degrade him.

4

27. The plaintiff provided OLR with the documentation which Mr. Rice prepared for the Examiner as support for the plaintiff's claims.

28. Mr. Rice was the person who prepared information for the MEOD Investigator and not the plaintiff.

29. Mr. Rice was the person who prepared information for the MEOD Hearing Examiner and not the plaintiff.

30. Mr. Rice violated "SCR 20:3.9 Advocate in nonadjudicative proceedings" when he sent information to MEOD that he knew would work against the plaintiff.

31. Mr. Rice intentionally led plaintiff's claims into an appeal with the intent to bilk him of more money and to set him up to fail.

32. Mr. Rice was the person who prepared the appeal to the MEOD Hearing Examiner and not the plaintiff.

33. Mr. Rice was contracted to be the plaintiff's attorney at the time the appeal was prepared and sent to MEOD.

34. Mr. Rice was the only person who could have or should have prepared the appeal and not the plaintiff since he was contracted to be his attorney at the time.

35. That Mr. Rice prepared all documentation for the MEOD Investigator and Hearing Examiner during the period he was contracted to represent the plaintiff.

36. Mr. Rice prepared these documents within the "limited scope representation."

37. Mr. Rice purposely provided plaintiff's notes to the opposing party exactly the way in which he emailed them to him.

38. Mr. Rice violated SCR 20:1.6 "Confidentiality of information" when he sent the plaintiff's notes to the opposing party without his consent or knowledge.

39. Mr. Rice requested the information (the plaintiff's notes) to prepare information for the MEOD Investigator and Hearing Examiner as support for the plaintiff's claims.

40. Mr. Rice clearly did not prepare the information he requested from plaintiff as a professional of his kind would have done in the same or similar situation.

41. The plaintiff provided the defendants with compelling and palpable evidence in the form of emails which prove that Mr. Rice prepared the appeal.

42. The plaintiff provided the defendants with compelling and palpable evidence in the form of emails which prove Mr. Rice lied to the Dane County Circuit Court in regards to who prepared the appeal.

43. Plaintiff provided evidence in the form of emails which show that Mr. Rice knowingly misrepresented the court with falsified information when he stated the plaintiff filed the appeal.

44. Mr. Rice violated the Supreme Court Rules when he misrepresented the court with such information when he knew it was not the truth.

45. Mr. Rice committed fraud on the court when he misrepresented the court with this information which he knew was not the truth.

46. Mr. Rice intentionally sent the same exact information, which had already rendered a no-probable cause decision from the MEOD investigator, to the hearing examiner as support for the plaintiff's claims.

47. The same exact information Mr. Rice sent to MEOD back to back on two separate dates without the plaintiff's knowledge or consent was inadequately prepared, damaging to the plaintiff, and violated the Supreme Court Rules as to the way it was prepared.

6

48. Mr. Rice sent the same exact information to MEOD back to back on two separate dates without the plaintiff's knowledge or consent to make sure he did not prevail in the matter.

49. The information Mr. Rice prepared and sent to MEOD back to back on two separate dates destroyed the plaintiff chance of obtaining a probable cause decision.

50. The information Mr. Rice sent to MEOD back to back was meant to destroy the plaintiff chance of obtaining a probable cause decision.

51. The action committed by Mr. Rice was meant to destroy the plaintiff chance of obtaining a probable cause decision in the matter.

52. The plaintiff provided OLR with compelling or convincing evidence to show that Mr. Rice prepared information to be sent or delivered to MEOD which he knew would destroy the plaintiff's chance of obtaining a probable cause decision from the agency.

53. The plaintiff informed OLR that Mr. Rice *should not have* sent anything to the hearing examiner on July 18, 2008 on his behalf.

54. The plaintiff informed OLR that he previously asked Mr. Rice *not to* send the information he sent to MEOD on July 22, 2008 because he knew the information was not something he should send to MEOD.

55. The plaintiff provided OLR with information which explain exactly how Mr. Rice was able to accomplish his goal of resending the same exact information back to the agency MEOD without plaintiff's the plaintiff's knowledge.

56. The MEOD record provide total proof that Mr. Rice intentionally sent the same exact information (plaintiff's notes) word for word and paragraph for paragraph to the MEOD investigator and hearing examiner to review as support for plaintiff's claims.

57. Mr. Rice purposely set plaintiff up to fail when he prepared the information the way he did to be sent to MEOD.

58. Mr. Rice intended to set the plaintiff up to fail when he sent the same exact information to the MEOD hearing examiner that he had originally sent to the investigator which had already rendered a no-probable cause decision.

59. The plaintiff provided OLR supporting and palpable evidence from the agency MEOD which prove this to be factual.

60. Mr. Rice violated "SCR 20:1.3 Diligence" when he intentionally failed to provide the MEOD investigator and hearing examiner with the factual information and evidence he had within his possession which would have proven that plaintiff's civil rights had been violated.

61. Mr. Rice violated "SCR 20:3.9 Advocate in nonadjudicative proceedings" when he sent information to MEOD that he knew would work against the plaintiff.

62. Mr. Rice violated the Supreme Court Rules when he purposely sent harmful information to the hearing examiner he knew would cause the plaintiff to lose his case.

63. The plaintiff provided OLR with compelling or convincing evidence in his grievance which support this allegation or prove it to be factual.

64. Mr. Rice knew his adverse actions would cause plaintiff harm and/or to lose in the matter.

65. Mr. Rice knew what he was doing and that he had the intent to cause plaintiff harm by making sure he did not prevail in the matter.

66. Mr. Rice lied to the circuit court in summary judgment when he stated he represented plaintiff without committing wrongdoings.

67. Mr. Rice's was not being honest with the court when he made this statement.

68. Mr. Rice did not provide him with copies of the information he sent to the agency on July 18 and 22, 2008 as required by the rules.

69. Mr. Rice violated SCR 20:1:16(d) when he failed to provide the plaintiff with copies after his representation as the rule sate he should have.

70. Mr. Rice deliberately failed to provide him with all copies of documents concerning his representation when requested as required by the Supreme Court Rules.

71. Mr. Rice deliberately failed to provide him with an explanation as to why he could not provide the requested information or copies of documents.

72. Plaintiff sent a carbon copy of the same request to Mr. Sellen.

73. Mr. Rice never provided the plaintiff with an itemized list of the service he supposedly provided to him as required by the rules.

74. The plaintiff informed OLR that Mr. Rice agreed to take his case on a contingency basis and provided it with a letter from Mr. Rice as evidence which state such fact.

75. Mr. Rice charged him exorbitant fees or overbilled him for service he knew he never should have paid due to the fact he took the case on a contingency basis.

76. Mr. Rice charged him exorbitant fees or overbilled him for service he knew he never provided as required by the Supreme Court Rules.

77. Palpable evidence the plaintiff provided to OLR suggest that Mr. Rice indeed did defraud the plaintiff during or within the "limited scope representation" when he failed to provide him with the service he paid for.

9

78. The evidence plaintiff provided to OLR suggest that Mr. Rice indeed did defraud the plaintiff during or within the "limited scope representation" when he failed to return unearned monies as required by the Supreme Court Rules.

79. Mr. Rice violated "SCR 20:1.5 Fees" when he intentionally failed to provide plaintiff with copies of documents or files he knew he was obligated to provide to him according to the Supreme Court Rules.

80. Mr. Rice violated "SCR 20:1.15 Safekeeping property; trust accounts and fiduciary accounts" when he avoided providing plaintiff with the documentation he knew he was required to provide in accordance to rule.

81. The plaintiff provided OLR with information and evidence which suggest Mr. Rice colluded with an employee(s) at Capital Newspapers, Inc. during the period he was contracted to represent the plaintiff.

82. The plaintiff explained in detail that Mr. Rice knew things he should not have known and would not have known unless he obtained the information from an insider.

83. The plaintiff explained in his grievance that Mr. Rice knew Capital Newspapers was cheating him out of his wages. Mr. Rice never informed anybody involved in the matter that he was the plaintiff's representative.

84. The plaintiff never gave Mr. Rice the very accurate information he knew.

85. Mr. Rice somehow became knowledgeable of the fact that Ms. Dana Gruen quit the law firm Foley & Lardner. Mr. Rice never informed anybody involved in the matter that he was the plaintiff's representative.

86. Mr. Rice informed the plaintiff during a visit to his office of this fact very shortly after Ms. Gruen quit the law firm.

10

87. The plaintiff provided OLR with information and evidence which suggest Mr. Rice colluded with an employee(s) at the VA Hospital during the period he gave him legal advice to file a complaint against the hospital.

88. Mr. Rice lied to the Dane County Circuit Court when he said he never suggested the plaintiff file a complaint against the VA Hospital.

89. The plaintiff provided compelling evidence in the form of an email which prove the fact that Mr. Rice did indeed suggest he file a complaint against the VA Hospital and that he do it "asap."

90. Mr. Rice knew the exact date that plaintiff was terminated from the VA Hospital.

91. Mr. Rice never did one thing about the plaintiff being unlawfully terminated it when it came time for him to keep the promise he made when he gave the plaintiff legal advice to file the complaint.

92. Mr. Rice never did litigate the matter or even showed interest once he got the decision he expected from the MEOD Hearing Examiner.

93. The plaintiff provided evidence in the form of admissions which show that Mr. Rice denied ever representing plaintiff on complaints against the VA Hospital or that he had any reason to believe that Mr. Rice was representing him in the matter.

94. Mr. Rice deceived the plaintiff when he suggested he file complaints against his former employer which he never had intention to litigate on his behalf.

95. Although plaintiff provided him with all the evidence he needed to win the case, Mr. Rice never did litigate the matter.

11

96. Mr. Rice violated SCR 20:2.1 "Advisor" when he purposely misled plaintiff to make complaints against his former employers which he knew he never had true intentions to litigate on plaintiff's behalf.

97. Mr. Rice violated "SCR 20:4.2 Communication with person represented by counsel" when he engaged in a conflict of interest which he knew existed before he gave plaintiff legal advice to make complaints against his former employers.

98. Mr. Rice never informed him in any way that he was colluding with either of the employers before he gave him advice to file complaints against them.

99. The plaintiff provided evidence in the form of admissions to prove Mr. Rice admitted to the fact that he did not have intention of representing plaintiff against the VA Hospital.

100.    The plaintiff provided OLR with clear and concise evidence which prove Mr. Rice lied to the Dane County Circuit court in an affidavit where he denied the fact the plaintiff informed him of the things he was dealing with at the VA Hospital.

101.    The plaintiff provided OLR with clear and concise evidence which prove Mr. Rice lied to the Dane County Circuit court in an affidavit where he denied the fact that plaintiff traded or provided him with notes regarding the matter where he gave him legal advice to make a complaint against the hospital.

102.    The plaintiff provided Mr. Rice with various documents in relations to his termination at the VA Hospital.

103.    Mr. Rice was actually working against the plaintiff and setting him up to become unemployable by advising him to make complaints against his former employers when knew he never had intention to litigate on plaintiff's behalf.

12

104.    Plaintiff informed OLR that Mr. Rice was doing all he could to keep him unemployed as a mean to keep him from finding a lawyer or from making money to pay a lawyer in order to make him pay for what he did to him.

105.    Mr. Rice went behind his back to give employers bad information about him or to defame him after he informed him that he was getting interviews from the employers who were willing to give him work.

106.    Mr. Rice ignored him when he sent him emails which show that he was having a hard time finding employment.

107.    Mr. Rice lied to the Dane County Circuit Court when he stated the plaintiff did not inform him that he was having a hard time finding employment.

108.    The Plaintiff provided OLR with clear, concise and palpable evidence in the form of emails which prove that Mr. Rice misrepresented the court with information he knew to be false.

109.    The plaintiff explained in his grievance that Mr. Rice had a lot to do with why he was terminated from Capital Newspapers, Inc. and the VA Hospital

110.    The plaintiff explained in his grievance that Mr. Rice's involvement has a lot to do with why he never litigated either of the matters in the courts as he promised he would after giving him advice to file complaints.

111.    Mr. Rice violated the Supreme Court Rules when he knowingly engaged in conduct involving dishonesty, fraud, deceit or misrepresentation when he misled the plaintiff to believe he would represent him or litigate the matters on his behalf.

112.    Mr. Rice violated at least SCR 20:8.4 "Misconduct" when he purposely failed to provide plaintiff with the service he promised or implied he would provide after giving him legal advice to file a complaint against Capital Newspapers, Inc.

113.    Mr. Rice violated SCR 20:1.18 "Duties to prospective client" when he purposely failed to provide plaintiff with the service he promised or implied he would provide after giving him legal advice to file a complaint against the Madison VA Hospital.

114.    Mr. Rice intentionally deceived plaintiff to make complaints against his former employers for his own benefit or to enrich himself.

115.    Mr. Rice, attorneys of Fox & Fox, S.C. and other attorneys who know of the fact that Mr. Rice has been defrauding his clients *"... for the longest now"* violated SCR 20:5.1 when they did not report Mr. Rice's wrongdoings or professional misconduct to proper authorities.

116.    Fox & Fox, S.C and other attorneys who are aware and have been aware *"... for the longest now"* violated "SCR 20:8.3 when they failed to report Mr. Rice's professional misconduct as required by the Supreme Court Rules.

117.    Mr. Rice violated "SCR 20:8.4 Misconduct" under many circumstances when he knowingly failed to provide diligent and competent representation to plaintiff as require by the Supreme Court Rules.

118.    Witnesses plaintiff provided for OLR to question in relations to the things he said they would testify to during an investigation regarding his allegations can provide expert testimony to prove that the information Mr. Rice prepared for the MEOD Investigator and Hearing Examiner was more damaging for the cause than it was supportive.

14

119. Witnesses plaintiff provided for OLR to question in relations to the things he said they would testify to during an investigation regarding his allegations can provide expert testimony to prove that the information Mr. Rice prepared for the MEOD Investigator and Hearing Examiner caused the plaintiff to lose his case.

120. Witnesses plaintiff provided for OLR to question in relations to the things he said they would testify to during an investigation regarding his allegations can provide expert testimony to prove that Mr. Rice did not represent the plaintiff diligently or as required by the Supreme Court Rules.

121. The witnesses are well qualified to give such testimony due to the fact they: are aware of the allegations the plaintiff made in his grievance; are professionals in the field of law; certified to investigate administrative matters; made personal contact with Mr. Rice; etc.

## 42 U.S. Code § 1983 and 18 U.S. Code § 242 Violations:

The defendants Ms. Cynthia Schally, professional Caucasian female, & Mr. Keith Sellen, Caucasian male, both with the status as attorneys, deprived the plaintiff of his guaranteed rights in violation 42 U.S. Code § 1983 and 18 U.S. Code § 242 under the color of law when they:

122. Deprived the plaintiff of his right to procedural due process under the color of law by refusing to conduct an investigation regarding Mr. Rice, a professional male Caucasian with the status of an attorney, who knowingly allowed the plaintiff's former employers violate the his civil, constitutional and veteran rights when he failed to litigate matters after giving him legal advice to file complaints against the employers.

123. Deprived the plaintiff of his right to procedural due process under the color of law by refusing to conduct an investigation regarding Mr. Rice, a professional male

15

Caucasian with the status of an attorney, who knowingly violated the plaintiff's civil and constitutional rights.

124.    In a similar situation, made the determination to investigate another attorney who violated his client's rights after being pressured to do so. The defendants should have treated the plaintiff's matter the same as they did the victim in the Kratz's case.

125.    Eventually investigated Calumet County District Attorney Kenneth Kratz (Supreme Court Case No. 2011AP2758-D) after he violated his client's (Caucasian female) civil rights under the same circumstances, but failed to investigate Mr. Rice for violating the plaintiff's civil and constitutional rights.

126.    The defendants deprived the plaintiff of his rights when they failed to provide him with the same type treatment or service as they did a Caucasian female who was victimized by her attorney who actually violated less rules than Mr. Rice when he victimized the plaintiff.

127.    The plaintiff informed the defendants that he was aware of the fact they were depriving him of his rights when they failed to investigate Mr. Rice, a Caucasian male with the status of an attorney, for violating his civil rights, constitutional rights and for victimizing him by working in concert with employers he gave him legal advice to file complaints against to unlawfully terminate him.

128.    The plaintiff informed the defendants that he was aware of the fact they were depriving him of his rights when they refused to investigate and/or question Mr. Rice in relations to the allegations he brought against him for intentionally violating his civil and constitutional rights.

16

129.    The plaintiff informed the defendants that he was aware of the fact they were depriving him of his rights when they refused to investigate and/or question Mr. Rice in relations to the allegations he brought against him for aiding and abetting the employers who he knew had already violated the plaintiff's civil rights.

130.    The plaintiff informed the defendants that he was aware of the fact they were depriving him of his rights when they failed to conduct an investigation regarding the heinous acts committed by Mr. Rice who maliciously violated his civil and constitutional rights in favor of the adversary with the intent to destroy his livelihood.

131.    Defendants violated plaintiff's civil and constitutional rights the same as Atty. Rice when they ignored convincing information and evidence which prove he violated Supreme Court Rules and plaintiff's rights to avoid investigating and disciplining him for his wrongdoings which include keeping plaintiff from finding and sustaining reliable employment.

132.    The plaintiff informed the defendants that he was aware of the fact they were depriving him of his rights when they failed to investigate Mr. Rice regarding the unlawful conduct of retaliating against him after giving him legal advice to file complaints he knew he never had intention to litigate on behalf of the plaintiff.

**Admissions:**

Plaintiff request that defendants admit or deny under oath whether Mr. Rice violated the Supreme Court Rules and/or whether the information and evidence plaintiff provided in his grievance and request for review is sufficient, factual and prove without a doubt that:

17

1. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he intentionally failed to inform the MEOD Investigator and Hearing Examiner that he was the plaintiff's representative.

2. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he intentionally failed to inform the opposing counsel that he was the plaintiff's representative in the matter.

3. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he intentionally failed to inform the Unemployment Agency that he was plaintiff's representative in the matter as required of him by the Supreme Court Rules.

4. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he intentionally failed to participate in the discovery process in accordance with the Supreme Court Rules.

5. The plaintiff provided proof of the fact that Mr. Rice copied and pasted questions which plaintiff prepared for him to provide answers for the MEOD investigator.

6. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he intentionally sent the same exact information to the MEOD hearing examiner which he had already sent to the investigator.

7. The plaintiff provided proof that the MEOD Investigator recently made a no-probable cause decision in the matter based on that same information he had he sent to the hearing examiner back to back and without plaintiff knowledge.

8. Mr. Rice knowingly prepared useless information; misrepresented plaintiff, the MEOD investigator and the MEOD hearing examiner by coping and pasting notes the plaintiff sent to him for the purpose of preparing information in defense of his claims.

18

9. Mr. Rice knowingly sent the useless and irrelevant information back to back and four days apart to MEOD behind plaintiff's back although he kindly requested that he *not* send the information

10. Mr. Rice intentionally failed to provide plaintiff with a copy of the documents he sent to MEOD on July 18 & 22, 2008.

11. Mr. Rice violated the Supreme Court Rules when he did not provide the plaintiff with this information as required by the rules and therefore deserve to be disciplined for not doing so.

12. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he intentionally ignored the *"Hearing Examiner's Decision and Order on Review of Initial Determination of No Probable Cause"* to avoid appealing the matter.

13. Mr. Rice engaged in misconduct when he committed illegal or unethical acts to cause the plaintiff's case to go into the appeal stage as a benefit to himself.

14. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he intentionally lied to the circuit court under oath in a summary judgment by falsely implying that the plaintiff prepared and filed an appeal to MEOD on his own behalf.

15. The plaintiff provided OLR with information and evidence which prove Mr. Rice prepared the appeal and then asked the plaintiff to file it with MEOD.

16. Plaintiff provided a contractual agreement, an explanation, and emails as evidence to prove that Mr. Rice prepared the appeal, should have prepared the appeal and was representing plaintiff during the same time period he misled the court to believe plaintiff prepared and filed the appeal on his own.

19

17. Plaintiff provided OLR proof in form of an email which show that Mr. Rice cancelled his service to him after getting the final results from the hearing examiner.

18. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he intentionally ignored the final notice sent to the plaintiff from regarding a no-probable cause decision from the hearing examiner.

19. Plaintiff explained to OLR in his grievance and request for review that Mr. Rice tried to talk him out of filing an appeal in the matter.

20. Plaintiff provide proof that he filed an appeal on his own on March 19, 2008 after Mr. Rice walked away and refused to do further work on his case.

21. Plaintiff provided OLR with compelling evidence from the agency MEOD which show that Mr. Rice prepared and sent the information the way he did and when he did it on purpose and with the intent to cause plaintiff harm or to lose his case.

22. Plaintiff informed Ms. Schally and Mr. Sellen in his grievance and request for review of the fact that Mr. Rice used trickery to get him to sign documents he had already requested Mr. Rice not to send to the agency MEOD on July 18, 2008.

23. Plaintiff clearly explained in detail in his grievance and request for review that Mr. Rice drove out to the VA Hospital on or before July 22, 2008 where he was working at the time to get him to sign the documents before he sent them to MEOD on this date.

24. Plaintiff clearly and concisely explained that Mr. Rice sent the same exact information to the MEOD Hearing Examiner on July 22, 2008 which he had already requested he not send to the agency.

25. Mr. Rice clearly violated several Supreme Court Rules when he engaged in such misconduct as abusing his trust with the plaintiff.

20

26. The information and evidence plaintiff provided OLR in his grievance is sufficient enough to prove beyond a reasonable doubt that Mr. Rice violated the Supreme Court Rules when he intentionally misrepresented the MEOD Investigator and Hearing Examiner with information he knew was not adequately prepared and therefore, should not have been sent to the agency.

27. Mr. Rice violated the Supreme Court Rules when he sent such information the way he did when he knew it would not be beneficial or support the plaintiff's claims in any way whatsoever.

28. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he intentionally lied to Ms. Dana Gruen after she asked him if he would be representing plaintiff in a civil lawsuit.

29. The plaintiff provided OLR with evidence and a explanation which show that he signed the contract with Mr. Rice on June 03, 2007 to represent the plaintiff in the matter and that the U.C. Hearing took place on or around July 17, 2007.

30. The plaintiff provided OLR with information and evidence which show that Mr. Rice sabotaged his case to avoid filing a civil lawsuit he knew should have been and would have been filed on the plaintiff behalf if he had done his job with diligence and represented the plaintiff according to the Supreme Court Rules.

31. In his grievance and request for review, plaintiff provided relevant and sufficient information as well as evidence which support his allegations that Mr. Rice was totally dishonest with practically everybody he dealt with in the matter.

32. Plaintiff provided information which support his allegations that Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he intentionally

21

failed to inform or discuss with plaintiff what he was sending to the MEOD hearing examiner before he sent the information to the agency.

33. The plaintiff made OLR aware of the fact that Mr. Rice did this to him behind his back and without his consent

34. The plaintiff stated in his grievance and request for review that he did not know what Mr. Rice sent to the agency until sometime in April 2015 after reviewing some MEOD files.

35. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he intentionally failed to provide plaintiff with a copy of documents or information he prepared and sent to the MEOD hearing examiner on July 18, 2008 as required by SCR 20:1:16(d).

36. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he intentionally failed to provide plaintiff with a copy of documents or information he prepared and sent to the MEOD hearing examiner on July 22, 2008 as required by SCR 20:1:16(d).

37. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he intentionally failed to provide plaintiff with a copy of an itemized list of the work he supposedly did for the plaintiff in the matter.

38. Mr. Rice violated the Supreme Court Rules when he did not provide plaintiff with an explanation as to why he did not or could not provide plaintiff with documents which he knew he was required to provide to him according to the Supreme Court Rules.

39. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he shielded his identity from everybody involved in the matter by not informing them of

22

his presence in the case as he prepared useless information to be sent to the MEOD Investigator and Hearing Examiner to review as support for plaintiff's claims.

40. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he intentionally failed to inform all parties that he was the plaintiff's representative for the purpose of setting plaintiff up to fail and to defraud him.

41. Plaintiff provided detailed and thorough information to OLR regarding this issue.

42. Plaintiff informed OLR of the fact that Mr. Rice never prepared or generated any document which show that or can be used to prove that Mr. Rice informed all parties of his existence as the opposing party did.

43. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he covered up the fact he was the person preparing useless information for the agency MEOD to review as support for the plaintiff's claims.

44. Plaintiff provided proof or evidence in the form of emails and the actual useless information or documents Mr. Rice prepared.

45. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he intentionally sent copies of plaintiff's notes behind his back or without his knowledge to the opposing party.

46. The plaintiff provided an explanation to OLR that he kindly asked Mr. Rice *not to send* such information to the agency MEOD and the opposing party on his behalf as support for his claims.

47. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he intentionally suppressed or concealed pertinent information which he gathered or discovered during the U.C. Hearing in regards to why plaintiff was actually terminated.

23

48. Mr. Rice failed to inform the MEOD Investigator and Hearing Examiner of the facts surrounding the reasons why plaintiff left work when he did and without permission.

49. Plaintiff provided tangible evidence in form of a CD to confirm statements Mr. Rice made during the U.C. Hearing

50. The information on the CD the plaintiff provided OLR is sufficient enough to prove everything Mr. Rice knew but intentionally failed to inform the MEOD Investigator and Hearing Examiner.

51. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he did not provide plaintiff with an itemized list or any other type accounting which show all the work he supposedly did for him as required by the rules.

52. Plaintiff sent a carbon copy of his request for the documents to Mr. Sellen as proof of the fact he requested the information from Mr. Rice who still did not provide it.

53. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he did not provide plaintiff with copies of *other* documents he knew he was required to provide according to SCR 20:1:16 (d).

54. Mr. Rice violated the rules when he did not provide the plaintiff with the documents he was required to provide to him according to the Supreme Court Rules and therefore, deserve to be disciplined for engaging in such professional misconduct.

55. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he worked against plaintiff rather than for him by preparing worthless information for the purpose of misrepresenting the MEOD Investigator and Hearing Examiner.

56. Mr. Rice had the intent to make sure plaintiff did not prevail in the matter.

57. The plaintiff provided OLR with detailed information in his grievance and request for review regarding Mr. Rice's intent to make sure he did not prevail in the matter.

58. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he made misrepresentations in an affidavit and swore under oath to the Dane County Circuit Court that he *never* suggest plaintiff file a complaint against the VA Hospital.

59. Plaintiff provided proof in form of an email which show that Mr. Rice did make such suggestion.

60. While under oath, Mr. Rice misrepresented the court with a statement other than the truth.

61. Plaintiff provided evidence to OLR which prove that Mr. Rice admitted to the fact he never had any intention of representing the plaintiff in the matter against the VA Hospital.

62. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he knowingly misrepresented or made false statements to the Dane County Circuit Court.

63. Mr. Rice knowingly misrepresented or made false statements in sworn affidavits he filed with the court on August 29th, 2013, Case No. 13CV2257.

64. Mr. Rice knowingly misrepresented or made false statements in sworn affidavits he filed with the court on Feb. 3, 2014, Case No. 13CV3893.

65. Mr. Rice knowingly misrepresented or made false statements in sworn affidavits he filed with the court on Feb. 7, 2014.

66. Mr. Rice lied to the court in a summary judgment he prepared for the court on August 17, 2011, Case No. 11CV3328.

25

67. Mr. Rice engaged in professional misconduct or violated the Supreme Court Rules when he deceived plaintiff to believe he would represent him and/or look out for the best of his interest in matters where he gave him legal advice to make complaints against his former employers.

68. The information and evidence plaintiff provided to OLR in his grievance and request for review is very compelling in proving that the actions taken by Mr. Rice in this matter in doing the things he did to plaintiff as a client was unethical and that he deserve to be investigated and eventually disciplined for what he did.

69. Mr. Rice committed the unethical and professional misconduct of setting him up to fail when he did the things he did that were totally not within the contract or scope of the representation.

70. Mr. Rice suggested the plaintiff file complaints he knew he had no intention to ligate on his behalf.

71. Deceived the plaintiff to believe he would represent him if he filed complaints against his former employers who he also knew had violated plaintiff's civil rights.

72. Mr. Rice worked against the plaintiff the whole time rather than help him as he promised to do once plaintiff filed complaints under Mr. Rice's advice.

73. Mr. Rice intentionally prepared useless information on the plaintiff's behalf to be sent to the agency MEOD as support for claims he advised plaintiff to file

74. Mr. Rice intentionally defrauded the plaintiff

75. Mr. Rice aided and abetted Capital Newspapers, Inc. in terminating the plaintiff, which was why he never litigated the matter in either of the courts.

26

76. Mr. Rice aided and abetted the VA Hospital in terminating the plaintiff, which was why he never litigated the matter in either of the courts.

77. Although Mr. Rice denied it, the plaintiff provided proof that he sent or traded notes with Mr. Rice regarding issues he was having at the VA Hospital.

78. Mr. Rice colluded with other employers who got involved in the matter to keep the plaintiff unemployed or unable to find full-time work to support himself and his small business which he knew plaintiff had at the time.

79. Mr. Rice violated at least 19 of the Supreme Court Rules during the "limited scope representation" and should be disciplined for doing so.

80. Mr. Rice violated the SCRs during the "limited scope representation.

81. The "limited scope representation" did not give Mr. Rice the right to set the plaintiff up to fail.

82. Mr. Rice sabotaged the plaintiff's case and then worked against him ferociously to make sure he lost his claims at the MEOD level.

83. Mr. Rice conspired and retaliated against the plaintiff in an effort to make him pay for the heated conversation he had with his friend, Mr. Clayton Frink.

84. Mr. Rice worked in concert with Capital Newspapers, Inc. and the VA Hospital to terminated the plaintiff and to destroy his livelihood by keeping him unemployed or unable to find reliable full-time work.

85. The information and evidence plaintiff provide in his grievance and request for review is relevant, clear, concise, compelling and more than sufficient enough to prove that Mr. Rice violated multiple Supreme Court Rules.

27

86. The information and evidence is more than enough to justify OLR conducting an investigation regarding Mr. Rice for the professional misconduct he engaged in.

87. The decision made by the courts are irrelevant and therefore do not or should have a bearing on whether Mr. Rice violated The Supreme Court Rules or not.

88. Mr. Rice engaged in multiple counts of professional misconduct in relations to this matter.

89. Ms. Schally was being less than honest with plaintiff when she wrote in his letter to plaintiff that *"There is insufficient information to proceed."*

90. Mr. Sellen was being less than honest with plaintiff when he wrote in his letter to plaintiff that *"none of the information you provided confirms assertions you make or attribute to..."*

91. It will be very hard for OLR to provide truthful or honest answers to this lawsuit or provide an objective response to the plaintiff grievance due in part to the fact that the witnesses who plaintiff named in his grievance and the information or documents he states Mr. Rice never provided as required by the Supreme Court Rules were never inquired.

92. OLR should have conducted an investigation to speak with the witnesses the plaintiff provided to get the truth of the matter or at least their side of the story rather than expect the plaintiff to contact them on his own to ask them if they will testify on his behalf.

93. It would have been more appropriate if OLR had investigated Mr. Rice in respect to the allegations plaintiff has brought against him rather than give the plaintiff unnecessary reasons to file this complaint.

28

94. If OLR had conducted an investigation as described in SCR 22.03(1), the plaintiff would not have had a reason to file this complaint.

**Damages**:

1. Pain and suffering, or mental and emotional distress plaintiff suffered by reason of the defendant's wrongful conduct to intentionally deprive him of his rights.

2. Reasonable attorney fees and costs incurred in preparing and filing lawsuits to defend against defendants negligence of performing their duty.

3. Punitive damages for the defendants' malicious, intentional, and or reckless indifferent to investigate Atty. Rice who violated multiple Supreme Court Rules as well as plaintiff' civil and constitutional rights.

4. Nominal damages

Thank you for your consideration in this matter.

Dated this 15th day of January 2016 at Madison, Wisconsin

Glendale Stewart

29